IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN LESLIE GUYMON,<br><br>Plaintiff,<br><br>vs.<br><br>POLICE CHIEF ROGER NASSET, KALISPELL POLICE DEPARTMENT; OFFICER MYRON WILSON and OFFICER STEVE HOOVER OF THE KALISPELL POLICE DEPARTMENT; FLATHEAD COUNTY SHERIFF; FLATHEAD COUNTY ATTORNEY EDWARD CORRIGAN; FLATHEAD COUNTY ATTORNEY'S OFFICE; ELEVENTH JUDICIAL DISTRICT COURT JUDGES TED O. LYMPUS, STEWART STADLER, and DAVID ORTLEY; MONTANA SUPREME COURT OF APPEALS; JOHN DOES 1 THROUGH 10; JANE DOES 1 THROUGH 10; and OTHER YET TO BE NAMED DEFENDANTS,<br><br>Defendants. | CV 16-68-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Defendants Kalispell Police Department, Roger Nasset, Myron Wilson, and Steve Hoover's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Shawn Guymon's complaint filed against them. Also before the Court is Defendants Flathead County Sheriff's Office, Flathead County

1

Attorney's Office, Flathead County Sheriff Chuck Curry, and Flathead County Attorney Ed Corrigan's Rule 12(b)(6) motion to dismiss. For the reasons discussed, the Court recommends the motions be granted. And the Court further recommends that this action be dismissed as to all Defendants.

## I.  Background

Plaintiff Shawn Guymon, appearing pro se, commenced this action with his complaint filed on May 17, 2016. He explains that from 2003 through 2006, he was employed by High Country Linen, LLC to drive a vehicle for his employer. At some point Guymon had complained to his employer that the vehicle he was driving needed important repairs, but he alleges his employer refused to repair the vehicle as he requested. On December 26, 2006, and due to his employer's failure to make necessary repairs on the company vehicle, Guymon alleges he suffered carbon monoxide poisoning while driving the referenced vehicle, and he sustained personal injuries from the exposure.

Guymon contends that his employer's conduct in failing to repair the vehicle, and his resulting injuries, constitute a criminal assault and attempted deliberate homicide committed by his employer against him. Therefore, over the years following the incident Guymon attempted to obtain assistance from the law enforcement officers and entities named as Defendants in this action. Guymon

asked the Defendants to investigate the circumstances of his employment and injuries, and to prosecute any criminal offenses found upon a proper investigation, but he alleges they have refused to do so.

Guymon then sought judicial relief through the courts of the State of Montana in an apparent attempt to legally force the state and local governmental law enforcement entities and officials to investigate his employer's alleged criminal conduct. He states he was unable to obtain any relief from the state courts, so he commenced this federal action.

Invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, Guymon advances claims under 42 U.S.C. § 1983 alleging Defendants violated his rights protected under the United States Constitution. Specifically, he alleges Defendants failed to investigate his employer's alleged criminal conduct, and failed to criminally prosecute his employer, all in violation of his federal civil rights. And Guymon also apparently seeks to invoke the Court's supplemental jurisdiction provided at 28 U.S.C. § 1367(a) over claims purportedly advanced under Montana law.

On June 14, 2016, Defendants Kalispell Police Department, Nasset, Wilson and Hoover filed a Fed. R. Civ. P. 12 motion to dismiss this action. These moving Defendants assert Guymon's claims are barred by the applicable statute of

limitations, and that Guymon's allegations fail to invoke a right protected under the United States Constitution and fail to state a cognizable claim for relief.

On July 25, 2016, Defendants Flathead County Sheriff's Office, Flathead County Attorney's Office, Chuck Curry, and Ed Corrigan ("Flathead County Defendants") filed their motion to dismiss. They argue: (1) Guymon's claims are barred by the applicable statute of limitations; (2) the Flathead County Sheriff's Office and Attorney's Office lack the capacity to be sued; (3) Guymon's claims against Ed Corrigan are barred by res judicata and the doctrine of prosecutorial immunity; (4) Chuck Curry was not the Flathead County Sheriff at the time of the events alleged in Guymon's complaint; (5) and Guymon's state law claims of negligence advanced against Chuck Curry are barred by the public duty doctrine.

Although Guymon has not had time to respond to the Flathead County Defendants' motion to dismiss, for the reasons discussed the Court concludes Guymon's allegations entirely fail to invoke any federally protected right, and his pleading fails to state a cognizable federal claim for relief. Therefore, it is not necessary for the Court to address the grounds for dismissal advanced by the Flathead County Defendants, or to await receipt of Guymon's response to their motion. As discussed, as a matter of law Guymon cannot state a federal claim for relief against any of the Defendants, and the Court recommends this action be

dismissed.

## II. Applicable Law - Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. Discussion

Because Guymon is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Thus, the Court will liberally construe Guymon's allegations.

## A. Kalispell Police Department, Nasset, Wilson and Hoover

Guymon expressly advances his claims under 42 U.S.C. § 1983.[1] Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Although Guymon names Defendants who may have acted, or failed to act, under color of state law in failing to provide him with assistance, the Court concludes Guymon's allegations do not invoke a federal right under the Constitution, and his claims are not cognizable under section 1983.

Guymon has no constitutional right to either a particular criminal investigation to be conducted by law enforcement officers, or a criminal prosecution to be pursued by governmental authorities against a third party. Even if a plaintiff could establish, as a factual matter, that law enforcement officers failed to conduct a criminal investigation, or conducted an inadequate

---

[1] Guymon references other civil rights statutes in his pleading. And he refers to the Americans with Disabilities Act asserting that he is now disabled as a result of his work-related injuries. But he does not expressly state any claim for relief, with additional supporting facts, under either the referenced civil rights statutes or the ADA. Therefore, the Court does not construe his pleadings as asserting any claims other than his claims under section 1983.

investigation, the plaintiff cannot sustain a viable legal claim under 42 U.S.C. § 1983. *Chang v. Shin*, 2002 WL 1299873, *7 (C.D. Cal. 2002) (citing *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994)). There exists no legal cause of action against law enforcement officers for their conduct in inadequately investigating, or failing to investigate, alleged criminal conduct. *Gomez v. Whitney*, 757 F.2d 1005, 1005-6 (9th Cir. 1985). Law enforcement officers have no affirmative duty to a plaintiff to investigate a crime in a particular way (*Gini*, 1045 (9th Cir. 1994)), and their failure to investigate a crime committed by a third party does not rise to the level of a violation of any constitutional right. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996). Furthermore, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Based on the foregoing, Guymon's allegations fail to state a claim for relief against the moving Defendants – Kalispell Police Department, Nasset, Wilson and Hoover – as argued in their motion. Guymon has no cognizable interest or right to have Defendants either conduct a criminal investigation of his employer, or prosecute criminal charges against his employer. Therefore, Guymon's allegations fail to state a claim for relief under 42 U.S.C. § 1983, and these moving Defendant's motion should be granted.

## B. All Other Remaining Defendants

All remaining Defendants named in Guymon's complaint are additional local law enforcement officers and entities, state court judges, and the Montana Supreme Court through whom Guymon had attempted to obtain assistance with his desired criminal investigation and prosecution of his employer. But the Court concludes that Guymon's section 1983 claims pled against all the other remaining Defendants lack merit for the same reason discussed, i.e. Guymon has no cognizable federal claim for relief under section 1983 against any of the named Defendants. Consequently, for the further reasons discussed, Guymon's claims against all the remaining Defendants are subject to dismissal for lack of subject matter jurisdiction.

Even though Guymon's allegations attempt to assert claims against the remaining Defendants under section 1983, and attempt to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331, his claims are nonetheless subject to dismissal for lack of jurisdiction because they are "not colorable," or are "wholly insubstantial and frivolous." *Arbaugh v. Y & H Corporation*, 546 U.S. 513 n.10 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). The dismissal of an asserted federal claim for lack of subject matter jurisdiction due to the inadequacy of the federal claim is proper if the purported federal claim is "so

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quotations and citations omitted). *See also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008).

As discussed, Guymon's asserted federal claims against all the remaining Defendants based on their failure to investigate and prosecute his employer are not colorable, are legally frivolous and completely devoid of merit so as not to involve a federal controversy. Thus, absent a sufficient federal claim pled against any of the remaining Defendants, this Court lacks jurisdiction over Guymon's federal claims advanced against them, and the claims are subject to dismissal.

Although the Flathead County Defendants filed their motion to dismiss presenting their own legal grounds for the dismissal of Guymon's complaint, the Court concludes the lack of merit to Guymon's federal claims, and the resulting lack of jurisdiction, together are sufficient grounds for the proper disposal of this case without addressing the Flathead County Defendants' grounds for dismissal identified in their motion. Thus, the Court will recommend their motion be denied as moot.

### C. State Law Claims - Supplemental Jurisdiction

Guymon's pleading references numerous provisions of Montana law in an apparent attempt to assert legal claims under Montana law. But since the Court recommends dismissal of all of Guymon's federal claims under 42 U.S.C. § 1983, it must consider whether it should decline to exercise supplemental jurisdiction over his remaining claims plead under Montana law.

Federal law provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors[...] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Guymon's state law claims are all predicated upon Defendants' alleged failure to prosecute Guymon's employer for alleged criminal activity, all in violation of various provisions of Montana law. But those specific violations are all matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. Therefore, because the Court recommends dismissal of Guymon's federal claims, it is recommended that the Court should decline to exercise supplemental jurisdiction over his claims under Montana law. 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants Kalispell Police Department, Nasset, Wilson and Hoover's Fed. R. Civ. P. 12 motion to dismiss for failure to state a cognizable federal claim for relief be GRANTED, and Guymon's federal claims against them be DISMISSED.

Furthermore, IT IS RECOMMENDED that Guymon's federal claims advanced against all other remaining Defendants also be DISMISSED for lack of subject matter jurisdiction.

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, "[d]ismissal of a pro se complaint without leave to amend is proper [...] if it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment[,]" (*Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988))), or if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

Under the circumstances of Guymon's allegations as discussed, the Court finds that he could not cure the defects in his pleading, and any attempted amendment would be futile since the circumstances about which he complains do not invoke a cognizable federal right. Therefore, IT IS RECOMMENDED that Guymon's federal claims be DISMISSED without leave to amend.

IT IS FURTHER RECOMMENDED that the Flathead County Defendants' motion to dismiss be DENIED as moot in view of the recommended dismissal based on the lack of subject matter jurisdiction.

Finally, IT IS RECOMMENDED the Court should decline to exercise supplemental jurisdiction over Guymon's claims advanced under Montana law, and those claims should be DISMISSED without prejudice.

DATED this 3rd day of August, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge