IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN LESLIE GUYMON,<br><br>Plaintiff,<br><br>vs.<br><br>POLICE CHIEF ROGER NASSET, KALISPELL POLICE DEPARTMENT; OFFICER MYRON WILSON and OFFICER STEVE HOOVER OF THE KALISPELL POLICE DEPARTMENT; FLATHEAD COUNTY SHERIFF; FLATHEAD COUNTY ATTORNEY EDWARD CORRIGAN; FLATHEAD COUNTY ATTORNEY'S OFFICE; ELEVENTH JUDICIAL DISTRICT COURT JUDGES TED O. LYMPUS, STEWART STADLER, and DAVID ORTLEY; MONTANA SUPREME COURT OF APPEALS; JOHN DOES 1 THROUGH 10; JANE DOES 1 THROUGH10; and OTHER YET TO BE NAMED DEFENDANTS,<br><br>Defendants. | CV 16–68–M–DLC–JCL<br><br>ORDER<br><br>FILED<br>SEP 29 2016<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and

Recommendations in this case on August 3, 2016, recommending that: (1)

Defendants Kalispell Police Department, Roger Nasset, Myron Wilson, and Steve

1

Hoover's (hereafter "Kalispell Defendants") motion to dismiss (Doc. 5) be granted; (2) Defendants Flathead County Sheriff's Office, Flathead County Attorney's Office, Flathead County Sheriff Chuck Curry, and Flathead County Attorney Ed Corrigan's (hereafter "Flathead County Defendants") motion to dismiss (Doc. 8) be denied as moot; and (3) Plaintiff's § 1983 complaint (Doc. 1) be dismissed as to all defendants without leave to amend. Judge Lynch further recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in light of the recommended dismissal of all related federal claims.

On August 4, 2016, Plaintiff filed a document titled "Reply and Objection to Rule 12(b)6 [sic] Motion by Flathead County Sheriff Chuck Curry, Flathead County Sheriff's Department and Flathead County Attorney Edward Corrigan and Flathead County Attorney's Office." (Doc 11.) Plaintiff filed no additional documents before the objections deadline. As "a document filed pro se is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court has interpreted Plaintiff's reply as Objections to Judge Lynch's Findings and Recommendations. *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

While Plaintiff's objections largely re-state arguments presented in his

2

complaint, in light of his pro se status, the Court will liberally construe his arguments and conduct de novo review of the record with regard to his Due Process claim. *See* 28 U.S.C. § 636(b)(1). Those portions of the Findings and Recommendations to which Plaintiff has not specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons described below, the Court adopts Judge Lynch's Findings and Recommendations in full.[1]

## I. Notice of Appeal

As a preliminary matter, this Court must first address an appeal filed by Plaintiff. On August 29, 2016, Plaintiff filed a notice of appeal seeking Ninth Circuit review of Judge Lynch's Findings and Recommendations. This notice of appeal was filed before the Court reviewed Judge Lynch's Findings and Recommendations. Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, there is an exception to the general rule when the appeal is frivolous. *Marks v. Clarke*, 102 F.3d 1012,

---

[1] The introductory paragraph of Judge Lynch's Findings and Recommendations includes a recommendation that both motions be granted. However, Judge Lynch reaches a different result in his conclusion–granting one motion (Doc. 5), while dismissing the other as moot (Doc. 8). The Court adopts Judge Lynch's final recommendations. (Doc. 10 at 11.)

3

1017 n. 8 (9th Cir. 1996) (citations omitted). Here, Plaintiff did not appeal from an appealable final order. As such, his appeal is frivolous. *See* 28 U.S.C. § 1291. This Order shall serve as certification that Plaintiff's appeal is frivolous.

## II. Due Process

Invoking 42 U.S.C. § 1983, Plaintiff alleges Defendants failed to investigate and prosecute his employer's alleged criminal conduct in violation of his federal civil rights. Judge Lynch found that Plaintiff's complaint failed to state a claim because a private citizen has no constitutional right to a criminal investigation to be conducted by law enforcement officers, or a criminal prosecution to be pursued by governmental agencies against a third party. (Doc. 10 at 6.) Plaintiff asserts in his objections that he "has gone without Due Process of Law." (Doc. 11 at 2.)

To rise to a violation of Plaintiff's right to due process, Defendants' official conduct must "shock the conscience" by their "deliberate indifference" to Plaintiff's recognized liberty interests. *See Gantt v. City of L.A.*, 717 F.3d 702, 707-08 (9th Cir. 2013) (distinguishing between "deliberate indifference" and "purpose to harm" as separate thresholds to meet the "shocks the conscience" standard based on an officer's ability to deliberate in context). However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

4

Further, there is no legal cause of action against law enforcement officers for inadequately investigating, or failing to investigate, alleged criminal conduct, unless another recognized constitutional right is involved. *Gomez v. Whitney*, 757 F.2d 1005, 1005-06 (9th Cir. 1985).

Importantly, Section 1983 does not create or establish any federally-protected right. It creates a cause of action for plaintiffs to enforce federal rights created elsewhere—federal rights created by the federal Constitution or, in some cases, by other federal statutes. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). While state law can also create a protected liberty interest in "limited circumstances," such state law "must contain (1) 'substantive predicates' governing official decisionmaking, and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the substantive predicates have been met." *Bonin v. Calderon*, 59 F.3d 815, 841-42 (9th Cir. 1995) (quoting *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454 (1989)).

Plaintiff's allegations fail to rise to a due process violation because he does not implicate any recognized liberty interest in his complaint or objections. Both documents state that he repeatedly sought to have a third-party investigated and prosecuted by Defendants, who failed to do so. Absent any federal right to override Defendants' discretion in office, Plaintiff relies upon state law to

establish his alleged right to investigation and prosecution, primarily asserting that the Montana Constitution guarantees such right by requiring state officials to swear to "discharge the duties of [their] office with fidelity." Mont. Const. art. III, § 3. However, because this language neither establishes any substantive predicate nor contains any explicitly mandatory outcome, this provision does not create a protected liberty interest. As such, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

### III. Supplemental Jurisdiction

Plaintiff's complaint invokes several state law claims in what this Court construes as an attempt to invoke supplemental jurisdiction under 28 U.S.C. § 1367(a). Further, in his objections, Plaintiff asserts that Defendants bear a responsibility and "an obligation" to the Plaintiff based on Defendants' oaths of office, Montana statutory law, and the Montana Constitution. (Doc. 11 at 2–3.) However, as the Court dismisses Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over any related state law matters for the reasons explained by Judge Lynch. 28 U.S.C. § 1367(b)(3).

There being no clear error in the remainder of Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 10) are

ADOPTED IN FULL.

(2) Kalispell Defendants' motion to dismiss (Doc. 5) is GRANTED, and Plaintiff's federal claims against them are DISMISSED.

(3) Plaintiff's federal claims advanced against all other remaining Defendants are DISMISSED for lack of subject matter jurisdiction.

(4) Plaintiff's federal claims are DISMISSED without leave to amend. As the circumstances about which he complains do not invoke any cognizable federal right, amendment could not cure the defects in the pleading, and such amendment would be futile.

(5) Flathead County Defendants' motion to dismiss (Doc. 8) is DENIED as moot.

(6) The Court declines to exercise supplemental jurisdiction over Plaintiff's claims advanced under Montana law. Such claims are DISMISSED without prejudice.

Dated this 29th day of September, 2016.

*[signature]*

Dana L. Christensen, Chief Judge
United States District Court